# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAMARK JOSE LÓPEZ BELLO** ) | |
| Avenida Francisco de Miranda ) | |
| Cruce con Calle el Parque y Avenida Mohedano ) | |
| Edificio Centro Empresarial Galipan ) | |
| Torre B, Piso 12, Urbanizacion El Rosal ) | |
| Municipio Chacao, Estado Miranda ) | |
| Caracas, Venezuela ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| ) | |
| *v.* ) | **COMPLAINT** |
| ) | |
| ) | |
| **BRADLEY T. SMITH** ) | |
| **in his official capacity as** ) | **ECF** |
| **Acting Director** ) | |
| **Office of Foreign Assets Control** ) | |
| **United States Department of the Treasury** ) | |
| 1500 Pennsylvania Ave., NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant,* ) | |
| ) | |
| and ) | |
| ) | |
| **UNITED STATES DEPARTMENT** ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** ) | |
| **ASSETS CONTROL** ) | |
| 1500 Pennsylvania Ave., NW ) | |
| Freedman's Bank Building ) | |
| Washington, D.C. 20220 ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Samark Jose López Bello ("López Bello") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Acting Director, Bradley T. Smith, in his official capacity, and in support of this Complaint alleges the following:

## INTRODUCTION

1.     Defendants have unlawfully exercised their authorities under the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. § 1901 *et seq.*, in sanctioning López Bello, blocking and seizing his U.S.-based properties, and devastating his business operations and international reputation. In undertaking that action, Defendants have spread misinformation and unsubstantiated rumor to make damaging allegations regarding López Bello which—in addition to being false—conflate separate designation criteria. Defendants have done this without providing fair notice to López Bello as to how and whether dealings with certain parties constitute sanctionable conduct and on the basis of purported "findings" that remain concealed from him.

2.     On February 13, 2017, OFAC designated López Bello under the Kingpin Act for providing material assistance, financial support, or goods or services in support of the international narcotics trafficking activities of, and acting for or on behalf of, a specially designated narcotics trafficker ("SDNT") or person designated under the Kingpin Act. This SDNT was identified by OFAC as Tareck Zaidan El Aissami ("El Aissami"), who was, at the time of the designation, the Vice President of the Government of Venezuela.

3.      OFAC's allegations and its supporting evidence are false, if not entirely fabricated. López Bello is an international businessman whose reputation has been maligned and whose livelihood has been seriously threatened by Defendants' unlawful actions and libelous claims. López Bello neither provides material assistance, financial support, or goods or services in support

2

of the international narcotics trafficking activities of El Aissami nor any other individual. Moreover, López Bello does not act for or on behalf of El Aissami. To this date, López Bello is unaware of El Aissami having any involvement in drug trafficking and is certainly incapable of providing support to activities that he was not aware of or involved in.

4.    Defendants are acting beyond the scope of their legal authorities and in direct contradiction to constitutional due process. The reason is plain: OFAC's supporting record cannot possibly, much less reasonably, contain evidence showing López Bello was providing material assistance, financial support, or goods or services in support of the international narcotics trafficking activities of, nor acting for or on behalf of, an SDNT. This is because El Aissami was designated simultaneous with, and as part of the same designation action targeting, López Bello. Indeed, El Aissami's designation under the Kingpin Act was announced in the same press release which announced López Bello's designation, and both El Aissami and López Bello were proposed for designation in a common evidentiary memorandum. El Aissami only thus became an SDNT and person designated under the Kingpin Act on February 13, 2017—i.e., the same date on which López Bello was designated for providing material support to the international narcotics trafficking activities of, and for acting for or on behalf of, El Aissami.

5.    Given this simultaneous designation, OFAC's administrative record compiled in support of López Bello's designation is entirely comprised of allegations of conduct that necessarily predates El Aissami's designation as an SDNT. As a result, OFAC's determination that López Bello meets the criteria for designation under the Kingpin Act—i.e., that he materially assists, or provides financial or technological support for or to, or provides goods or services in support of the international narcotics trafficking activities of, or acts for or on behalf of, an SDNT—is entirely reliant on allegations of conduct occurring prior to El Aissami's designation as

3

an SDNT. The result is that Defendants designated López Bello based on a mistaken belief that he provided support or services to the international trafficking activities of, or acts for or on behalf of, a person who was not an SDNT during the time at which those activities allegedly occurred. By designating López Bello in this manner, Defendants have acted beyond the statutory authorities delegated to them and in an arbitrary and capricious manner in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Defendants' designation of López Bello under the Kingpin Act is thus unlawful and must be set aside.

6.      The consequences of Defendants' unlawful actions have been immeasurable and go beyond those traditionally suffered by other parties designated by Defendants. First, López Bello and his U.S. and foreign companies have been designated by OFAC and/or blocked pursuant to the Kingpin Act. Second, López Bello's U.S.-based real property and other assets have been blocked. Third, foreign persons risk being subject to sanctions for engaging in transactions with López Bello or his companies—the effect of which has been to undermine López Bello's ability to conduct business even outside the United States. Fourth, López Bello has been unfairly criminally investigated and charged on allegations that he attempted to cause U.S. persons to deal in blocked property in violation of regulations implementing his designation. Finally, and most damaging, third parties have used OFAC's false allegations to execute against López Bello's blocked assets in satisfaction of judgments held against U.S.-designated terrorist groups with which López Bello has no relationship or connection. This had the effect of transforming OFAC's blocking action into a mechanism for the seizure and forfeiture of López Bello's U.S. assets. At the time of this filing, the forfeiture of approximately $160 million worth of assets belonging to López Bello has occurred as a result of López Bello being improperly maligned and unlawfully targeted by OFAC, and refused any meaningful form of due process to challenge his designation.

4

7.      For these reasons, and for those set forth below, López Bello respectfully requests this Court's intervention to rein in Defendants' unlawful actions and grant the relief requested.

## JURISDICTION AND VENUE

8.      This action arises under the United States Constitution, the Foreign Narcotics Kingpin Designation Act ("Kingpin Act"), 21 U.S.C. § 1901 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

9.      This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65. This Court may grant mandamus relief pursuant to 28 U.S.C. § 1361.

10.      Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. § 1391(b) and (e).

## THE PARTIES

11.      Plaintiff Jose Samark López Bello is and was at all times relevant herein a citizen of Venezuela and Italy. At the time of his designation, López Bello held two U.S. visas—a "temporary worker" visa and a "business visitor" visa.

12.      López Bello is a prominent entrepreneur with international experience in the fields of industrial engineering, the trading of commodities and equipment, and logistics for the oil and gas industry. As its CEO and President, López Bello developed Profit Corporation, C.A. into a market leader in the Venezuelan energy market in the areas of solutions engineering, procurement, and construction. López Bello also runs Yakima Trading Corporation, which provided professional services for the Venezuelan oil and gas industry, including trading of ferrous materials as well as

in the procurement of materials and equipment necessary for high-quality prefabricated housing to shelter crews for the oil industry. Finally, López Bello created Postar—a logistics company which sourced building materials and shipped them to Venezuela in housing kits that provided easy access to dignified housing for people living in poverty.

13.     López Bello is also engaged in humanitarian work inside Venezuela. For instance, López Bello founded The Profit Foundation (Fundación Empresas Profit), which provides regular financial support to benefit at-risk children, helped fund the construction of a school, and supported rural health care centers to improve care for patients.

14.     On February 13, 2017, OFAC designated López Bello under the Kingpin Act for providing material assistance, financial support, or goods or services in support of the international narcotics trafficking activities of, and for acting for or on behalf of, El Aissami, an individual also designated under the Kingpin Act on February 13, 2017. Sanctions Actions Pursuant to the Foreign Narcotics Kingpin Designation Act, 82 FED. REG. 11101 (Feb. 17, 2017). As a result of that designation, López Bello's name was identified on OFAC's List of Specially Designated Nationals and Blocked Persons ("SDN List") as a Specially Designated Narcotics Trafficker.

15.     OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons under the Kingpin Act and regulating dealings with them via the Foreign Narcotics Kingpin Sanctions Regulations ("FNKSR"), 31 C.F.R. Part 598, and the Reporting, Procedures, and Penalties Regulations, 31 C.F.R. Part 501. OFAC was responsible for designating López Bello under the Kingpin Act.

16.     Defendant Bradley T. Smith is the Acting Director of OFAC. In this role, Mr. Smith is responsible for designating López Bello pursuant to the Kingpin Act.

## FACTUAL ALLEGATIONS

### A.     OFAC's Designation of Samark Jose López Bello

17.     On February 13, 2017, OFAC designated López Bello pursuant to the Kingpin Act and identified him on its SDN List. *Id*. This designation blocked López Bello's property and interests in property in the United States or within the possession or control of U.S. persons, wherever located. López Bello's property interests in the United States subjected to that blocking were extensive at the time of designation, and López Bello was not provided any prior notice as to OFAC's decision to designate him and to block his properties.

18.     OFAC designated López Bello under the Kingpin Act following its determination that López Bello is materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of, and acting for or on behalf of, a specially designated narcotics trafficker. *Id*. In doing so, OFAC determined that López Bello met the designation criteria of 21 U.S.C. § 1904(b)(2) and (3). *Id*.

19.     The Foreign Narcotics Kingpin Sanctions Regulations ("FNKSR"), 31 C.F.R. Part 598, defines the term "specially designated narcotics trafficker" as any significant foreign narcotics trafficker or any foreign person designated by the Secretary of the Treasury pursuant to 21 U.S.C. § 1904(b)(2)-(4).

20.     The "specially designated narcotics trafficker" whose international narcotics trafficking activities López Bello was determined to be materially assisting, and to whom López Bello was determined to be acting for or on behalf of, was El Aissami. *Id*.

21.     Prior to February 13, 2017, El Aissami was not determined to be a specially designated narcotics trafficker or SDNT. Instead, OFAC designated El Aissami as an SDNT on February 13, 2017, as part of the same designation action in which OFAC designated López Bello. *Sanctions Actions Pursuant to the Foreign Narcotics Kingpin Designation Act*, 82 FED. REG. 11101 (Feb. 17, 2017). Accordingly, El Aissami first became a "specially designated narcotics trafficker" under the Kingpin Act on the date of his designation. 31 C.F.R. § 598.314.

22.     OFAC designated López Bello for materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of, and acting for or on behalf of, El Aissami—who first became an SDNT on the same date as López Bello. For this reason, the factual basis of López Bello's designation is necessarily devoid of any findings that López Bello materially assists, or provides financial or technological support for or to, or provided goods or services in support of, the international narcotics trafficking activities of, or acts for or on behalf of, an SDNT.

### B.     OFAC's Blocking of López Bello's U.S. Properties

23.     Simultaneous with López Bello's designation, OFAC identified as blocked property U.S. companies alleged to be owned or controlled by López Bello, a U.S.-registered aircraft in which López Bello allegedly retained an interest, and several U.S.-based real properties and other U.S. assets—including vessels and automobiles—in which López Bello exercised ownership or control. *Sanctions Actions Pursuant to the Foreign Narcotics Kingpin Designation Act*, 82 FED. REG. 11101 (Feb. 17, 2017).

24.     OFAC also designated a number of foreign entities in which López Bello maintains an interest, including Alfa One, C.A.; Grupo Sahect, C.A.; MFAA Holdings Limited; Profit

Corporation, C.A.; Servicios Tecnologicios Industriales, C.A.; SMT Tecnologia, C.A.; and Yakima Trading Corporation. *Id*.

25.     OFAC also identified as blocked property five U.S. companies determined to be owned or controlled by López Bello, including the following companies registered in Florida: 1425 Brickell Ave 63-F LLC; 1425 Brickell Avenue Unit 46B, LLC; 1425 Brickell Avenue 64E, LLC; Agusta Grand I LLC; and 200G PSA Holdings LLC. *Id*.

26.     OFAC further identified as blocked a U.S.-registered aircraft in which López Bello is alleged to have an interest, as well as "significant real property and other assets in the Miami, Florida area tied to [López Bello] . . ." *Id*.

**C.     OFAC's Provision of the Unclassified Administrative Record**

        i.     <u>Request for the Administrative Record</u>

27.     On March 9, 2017, López Bello requested the full administrative record underlying his designation and the blocking of his properties pursuant to the Kingpin Act.

        ii.     <u>Case ID PITK-9310 Administrative Record</u>

28.     On April 12, 2017, OFAC sent a letter to López Bello's former counsel attaching the administrative record related to the blocking of 325 Leucadendra Drive in Coral Gables, Florida and the blocking notice of the property that was filed with the Florida Clerk of Courts. This administrative record was assigned Case ID PITK-9310. OFAC's letter stated that the administrative record related to López Bello's designation remained in processing and would be provided to him as soon as it was cleared for release.

29.     This unclassified administrative record included the redacted evidentiary memorandum underlying OFAC's determination that 325 Leucadendra Drive, Coral Gables,

Florida is property based in the United States in which López Bello has an interest and that this property meets the criteria for blocking under the Kingpin Act.

30.     This evidentiary memorandum also stated that five U.S. companies owned or controlled by López Bello were proposed for blocking in a separate evidentiary memorandum, as was a U.S.-registered aircraft, and significant real estate and other assets in the United States.

31.     This evidentiary memorandum concluded that López Bello owned or controlled the property at 325 Leucadendra Drive, Coral Gables, Florida. For this reason, OFAC blocked the property pursuant to the Kingpin Act.

iii.     Case ID FNK-6137 Administrative Record

32.     On May 22, 2017, OFAC sent a letter to López Bello's former counsel attaching the administrative record related to López Bello's designation and that of his companies, including certain U.S.-based companies; his U.S.-registered aircraft; and other real estate and assets in the United States. OFAC assigned this administrative record Case ID FNK-6137. OFAC's letter stated that—to the extent additional non-privileged and otherwise releasable information, including unclassified summaries of classified or law enforcement information, becomes available—OFAC would provide that information to López Bello.

33.     This administrative record included the evidentiary memorandum underlying OFAC's determination that López Bello meets the criteria for designation under the Kingpin Act. According to OFAC, "[t]he information presented [in the memorandum] provide reason to believe that [López Bello] is a foreign person who is materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of El Aissami, and is acting for or on behalf of El Aissami . . ." This

conclusion, according to OFAC, provides the grounds to determine that López Bello "meets the criteria for designation as an SDNT under [21 U.S.C. § 1904(b)(2) and (3)]."

34.    The evidentiary memorandum contains a section dedicated to identifying the basis for López Bello's designation. That section is titled "Basis for Designation."

35.    The first subheading of the section titled "Basis for Designation" is partially redacted in the version disclosed to López Bello. The unredacted portions of the subheading reads as follows: " . . . [López Bello] acting as financial manager and front man for EL AISSAMI." There is no portion marking indicating the basis for the partial redaction.

36.    There are ten supporting paragraphs that appear to provide OFAC's findings and evidence in support of this subheading. Nine of those ten paragraphs are completely redacted in the version of the administrative record disclosed to López Bello. Six of these nine paragraphs contain a portion marking indicating that these paragraphs are redacted as Unclassified/Law Enforcement Sensitive "(U//LES)." The other three paragraphs contain no portion marking indicating the basis for the redactions.

37.    The sole unredacted paragraph states that, "[a]ccording to a July 2013 article in the Venezuelan online newspaper, *Reportero 24*, [López Bello] is 'linked as [a] front m[a]n" for EL AISSAMI. The article asserts that [López Bello] has an estimated net worth of $1 billion."

38.    Nowhere in the unredacted portions of the administrative record does OFAC assess the credibility of the July 2013 article in *Reportero 24* nor the basis for the agency's reliance on its conclusory allegations regarding López Bello. The unredacted portions of the administrative record also do not evidence OFAC's corroboration of the allegations from the July 2013 *Reportero 24* article regarding López Bello.

39.     The unredacted portions of the administrative record also do not set forth evidence or even allege that, as of February 13, 2017, López Bello is a "front man" for El Aissami.

40.     The second subheading of the section titled "Basis for Designation" is redacted in the version disclosed to López Bello. The portion marking indicates that the subheading is redacted as Unclassified/Law Enforcement Sensitive "(U//LES)."

41.     Four supporting paragraphs provide OFAC's findings and evidence in support of this redacted subheading. All of these paragraphs are completely redacted in the version of the administrative record disclosed to López Bello. The portion marking for two of these four paragraphs indicates that the paragraphs are redacted as Unclassified/Law Enforcement Sensitive "(U//LES)." There is no portion marking for the other two redacted paragraphs.

42.     There is a section of the evidentiary memorandum titled "Additional Information." It contains two supporting paragraphs. Each of these paragraphs is entirely redacted in the version of the administrative record disclosed to López Bello. The portion marking indicates that the paragraphs are redacted as Unclassified/Law Enforcement Sensitive "(U//LES)."

43.     Nowhere in the unredacted portions of the administrative record does OFAC set forth its evidence or allege that López Bello is materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of, and is acting for or on behalf of, El Aissami since the time of his designation as a specially designated narcotics trafficker.

44.     Based on the simultaneous nature of El Aissami and López Bello's designations, the redacted portions of the administrative record must necessarily not include allegations or evidence, before or after El Aissami's designation, that López Bello materially assists, or provides

financial or technological support for or to, or provides goods or services in support of, the international narcotics trafficking activities of El Aissami.

45.     OFAC's evidentiary memorandum also included the factual and legal basis for the designation and blocking of López Bello's companies, including his U.S.-based companies; his U.S.-registered aircraft; and other real estate and assets, including those based in the United States.

46.     Section IV of the evidentiary memorandum is titled "Foreign Entities Proposed for Designation" and identifies foreign companies in which López Bello is alleged to exercise ownership and control and which were designated by OFAC as a result.

47.     According to OFAC, Profit Corporation, C.A. is an engineering services company in Venezuela that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

48.     According to OFAC, Yakima Trading Corporation is an oil construction and equipment company in Panama that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

49.     According to OFAC, Grupo Sahect, C.A. is a food transportation and agro-industrial company in Venezuela that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

50.     According to OFAC, Alfa One, C.A. is a construction material distributors company in Venezuela that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

51.     According to OFAC, SMT Tecnologia, C.A. is a telecommunications services company in Venezuela that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

52.     According to OFAC, Servicios Technologicos Industriales, C.A. is a construction and maintenance company in Venezuela that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

53.     According to OFAC, MFAA Holdings Limited is a company in the British Virgin Islands that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

54.     According to OFAC, Yakima Oil Trading, LLP is a trading company in the United Kingdom that is owned, controlled, or directed by, or acting for or on behalf of, López Bello and that meets the criteria for designation under 21 U.S.C. § 1904(b)(3).

55.     Section V of the evidentiary memorandum is titled "Identification of Blocked Property" and identifies U.S.-based companies and other properties in which López Bello is alleged to exercise ownership and control and that are subject to blocking as a result.

56.     OFAC stated that it has "reason to believe that 1425 BRICKELL AVE 63-F LLC, a Florida limited liability company, is property within the United States that is owned or controlled by [López Bello], and therefore will be blocked pursuant to [21 U.S.C. § 1904(b)]."

57.     According to OFAC, López Bello is the sole manager of 1425 Brickell Ave 63-F LLC; is represented as such on the website of the Florida Department of State; and signed as such in the 2016 annual report for 1425 Brickell Ave 63-F LLC that was filed with the Florida Secretary of State on April 29, 2016.

58.     According to OFAC, 1425 Brickell Ave 63-F LLC is a U.S.-based company located at 1425 Brickell Avenue 63-F, Miami, Florida 33131.

59.     OFAC stated that it has "reason to believe that 1425 BRICKELL AVENUE UNIT 46B, LLC, a Florida limited liability company, is property within the United States that is owned or controlled by [López Bello], and therefore will be blocked pursuant to [21 U.S.C. § 1904(b)]."

60.     According to OFAC, López Bello is the sole manager of 1425 Brickell Avenue Unit 46B; signed the articles of organization as such; is represented as such on the website of the Florida Department of State; and signed as such the 2016 annual report for 1425 Brickell Avenue Unit 46B, LLC that was filed with the Florida Secretary of State.

61.     According to OFAC, 1425 Brickell Avenue Unit 46B, LLC is a U.S.-based property located at 1425 Brickell Avenue, Unit 46B, Miami, Florida 33131.

62.     OFAC also determined that it has a "reason to believe that 1425 BRICKELL AVENUE 64E LLC, a Florida limited liability company, is property within the United States that is owned or controlled by [López Bello] and/or MFAA HOLDINGS LIMITED, and therefore will be blocked pursuant to [21 U.S.C. § 1904(b)]."

63.     According to OFAC, MFAA Holdings Limited is the sole manager listed for 1425 Brickell Avenue 64E LLC, and López Bello signed, as manager of MFAA Holdings Limited, the 2015 annual report for 1425 Brickell Avenue 64E LLC filed with the Florida Secretary of State.

64.     According to OFAC, 1425 Brickell Avenue 64E LLC is a U.S.-based company located at 1425 Brickell Avenue 64E, Miami, Florida 33131.

65.     OFAC also determined that it has a "reason to believe that AGUSTA GRAND I LLC, a Delaware limited liability company, is property within the United States that is owned or controlled by [López Bello], and therefore will be blocked pursuant to [21 U.S.C. § 1904(b)]."

66.     According to OFAC, López Bello is the sole manager listed for Agusta Grand I LLC listed on the website of the Florida Department of State and signed as such the 2016 annual report for Agusta Grand I LLC that was filed with the Florida Secretary of State.

67.     According to OFAC, Agusta Grand I LLC is a U.S.-based company located at 80 SW 8th Street Suite 2000, Miami, Florida, 33130.

68.     OFAC also determined that it has "reason to believe that 200G PSA HOLDINGS LLC, a Delaware limited liability company, is property within the United States that is owned or controlled by [López Bello], and therefore will be blocked pursuant to [21 U.S.C. § 1904(b)]."

69.     According to OFAC, López Bello is the sole stockholder listed for 200G PSA Holdings LLC under a February 2013 trust agreement; signed as its manager the 2015 annual report for 200G PSA Holdings LLC that was filed with the Florida Secretary of State; and has the same registered agent as that of 1425 Brickell Ave 63-F LLC; 1425 Brickell Avenue Unit 46B, LLC; 1425 Brickell Avenue 64E LLC; and Agusta Grand I LLC.

70.     According to OFAC, 200G PSA Holdings LLC is a U.S.-based company located at 80 SW 8th Street Suite 2000, Miami, Florida, 33130.

71.     OFAC also determined that it has "reason to believe that a Gulfstream 200 with the FAA Aircraft Registry number N200VR is an aircraft owned or controlled by 200G PSA Holdings LLC" and that this aircraft will be identified on OFAC's SDN List pursuant to 21 U.S.C. § 1904(b).

72.     According to OFAC, 200G PSA Holdings LLC is owned or controlled by López Bello.

73.     According to OFAC, N200VR aircraft is based in the United States and located at 80 SW 8th Street, Suite 2000, Miami, Florida 33130.

16

iv.    Unclassified Summaries

74.    On July 18, 2017, OFAC sent a letter to López Bello's former counsel attaching additional unclassified, non-privileged, or otherwise releasable information from the administrative record with Case ID FNK-6137.

75.    These unclassified summaries totaled four separate paragraphs and—according to OFAC—"complete[d] OFAC's response to [López Bello's] request for releasable information" relating to the basis for his designation.

76.    OFAC's first unclassified summary stated that López Bello "is the 'frontman' for Tareck El Aissami." This summary replicates the first sub-heading of Section III of the evidentiary memorandum disclosed to López Bello. In addition to being false, this summary does not identify any sanctionable conduct nor how this characterization of López Bello relates to the international narcotics trafficking activities of El Aissami.

77.    OFAC's second unclassified summary states, in part, that López Bello "is in charge of laundering drug proceeds through [PDVSA] and organizing the air and maritime cocaine routes to transport cocaine to the Middle East and Asia." In addition to being false, this portion of the summary leaves out any reference to El Aissami and does not otherwise identify how this alleged conduct relates to the international narcotics trafficking activities of El Aissami.

78.    The second unclassified summary further alleges that López Bello "was used by El Aissami to purchase news outlets in Venezuela, which were the most critical of the Chavez regime, with Venezuelan government funds in order to influence public opinion in Venezuela." In addition to being false, the summary does not identify how this alleged conduct relates to the international narcotics trafficking activities of El Aissami. Nor does the summary—which is written in past

17

tense—identify how López Bello acts for or on behalf of a SDNT, as El Aissami was not designated as an SDNT at the time of the alleged conduct.

79.     OFAC's third unclassified summary states that López Bello "is identified as the 'business representative,' 'money manager,' and 'money launderer' for El Aissami." In addition to being false, this summary does not detail who identified López Bello as such nor how OFAC assessed these allegations regarding López Bello as credible. Moreover, the summary does not relate those characterizations to the international narcotics trafficking activities of El Aissami.

80.     OFAC's fourth unclassified summary alleges, in part, that López Bello "handles financial matters for El Aissami" and "manages Venezuelan bonds, as a private party, and conducts unspecific deals which generate significant profits." According to OFAC, these alleged activities are "done to benefit El Aissami." In addition to being false, OFAC fails to identify how these activities supported El Aissami's purported international narcotics trafficking activities. Further, this summary alleges that López Bello "has procured vehicles in the U.S. that were transported to Venezuela and ultimately went to El Aissami and other Venezuelan government officials." Again, in addition to being false, this summary does not identify how López Bello acted for or on behalf of a specially designated narcotics trafficker, as El Aissami was not designated as an SDNT at the time of the alleged conduct. In addition, this summary does not identify how its allegations relate to the alleged international narcotics trafficking activities of El Aissami.

81.     OFAC's letter does not state whether these unclassified summaries constitute the sum total of the reasons for López Bello's designation nor whether there are additional factual bases for the designation that remain undisclosed to him.

18

**D.      Criminal Charges**

82.     On March 8, 2019, the U.S. Attorney's Office for the Southern District of New York announced criminal charges against López Bello for violations of the Kingpin Act. Press Release, U.S. Dep't of Justice, Venezuelan Minister and Foreign Vice President Tareck Zaidan El Aissami Maddah Charged With Violations of the Foreign Narcotics Kingpin Designation Act (March 8, 2019).

83.     According to the Superseding Indictment, López Bello worked with U.S. citizens and visa-holders to obtain travel services, including private jet charters. Superseding Indictment (DN#67), United States v. Coro, et. al., 1:19-cr-00144-AKH-6 (S.D.N.Y. March 13, 2020). The Superseding Indictment alleges that this conduct violated the Kingpin Act's prohibition on U.S. persons engaging in transactions with or providing services to López Bello. *Id*.

84.     At no time has the United States Department of Justice filed any criminal charges against López Bello for narcotics trafficking or for money laundering.

**E.      Harm to López Bello**

85.     Defendants' unlawful action has had enormous costs and consequences for López Bello, including the blocking of his U.S.-based properties; the seizure of his assets in the United States; the garnishment of his U.S.-based assets; the sanctioning of foreign companies under his ownership; sizeable personal economic losses; limitations on his ability to travel, including to the United States; and damage to his reputation.

            i.      U.S.-Blocked Properties and Assets

86.     Due to Defendants' unlawful action, all of López Bello's U.S.-based properties and other assets have been blocked (or "frozen"), and López Bello is prohibited from dealing in those properties and assets. These include the following companies and their assets:

- 1425 Brickell Avenue Unit 46B, LLC

- 1425 Brickell Avenue 63-F LLC

- 1425 Brickell Avenue 64E LLC

- Leucadendra 325 LLC (in which López Bello owns a 90.05% share)

- 6301 Collins Ave 1008 LLC

- 9000 SW 63rd Court LLC

- EPBC Management LLC

- EPBC Holdings Limited

- SL Family Office LLC

- Hawk Marine Management LLC

- Sea MFAA Corporation

- Nautical Corp.

- PYP international LLC

87.     Certain of these U.S.-blocked properties and assets—including real properties, two vessels, aircraft, and four automobiles—have been executed, levied upon, and sold in order to satisfy judgments held by third party plaintiffs against the Revolutionary Armed Forces of Columbia ("FARC"), a U.S.-designated terrorist organization. These third-party plaintiffs have used OFAC's false allegations to wrongfully claim that López Bello is an "agency or instrumentality" of the FARC. OFAC, however, has never alleged that López Bello is linked to the FARC nor has any involvement with or relationship to their activities. López Bello's assets are blocked solely by virtue of OFAC's unlawful action designating him under the Kingpin Act.

88.     Certain of López Bello's U.S. properties continue to be subject to post-judgment writs of garnishment and execution, as these same plaintiffs recycle OFAC's false allegations to

claim that López Bello is an "agency or instrumentality" of the FARC.  Those properties include Yakima Trading Corporation; EPBC Holdings, Ltd.; 1425 Brickell Ave 63-F LLC; 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC; and 200G PSA Holdings LLC.

89.     On February 15, 2019, the United States District Court for the Southern District of Florida ordered the issuance of writs in aid of execution of certain properties and assets held by, in the name of, on behalf of, or for the benefit of, López Bello. The district court found that López Bello is "an agency or instrumentality of the FARC, and [his] blocked assets are therefore subject to attachment and execution pursuant to the TRIA and 18 U.S.C. 2333(e)." Sealed Order, Stansell v. FARC, Civ. No. 10-mc-22724 at *1 (Feb. 15, 2019). The district court stated that its finding was "[b]ased upon [OFAC's] factual findings and [] supporting expert witness testimony and appendix." Id.  The cited expert witness testimonies either expressly cite the allegations of OFAC's press release announcing López Bello's designation, or track the allegations of that press release.

90.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on 1425 Brickell Ave 63-F LLC in satisfaction of an outstanding judgment against the FARC. The United States Marshall levied the writ of execution upon 1425 Brickell Ave 63-F LLC on February 25, 2019.

91.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on 1425 Brickell Ave Unit 46B, LLC in satisfaction of an outstanding judgment against the FARC. The United States Marshall levied the writ of execution upon 1425 Brickell Ave Unit 46B, LLC on February 25, 2019.

92.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on 1425 Brickell Ave Unit 64E LLC in satisfaction of an

outstanding judgment against the FARC. The United States Marshall levied the writ of execution upon 1425 Brickell Ave Unit 64E LLC on February 25, 2019.

93.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on EPBC Holdings, Ltd. in satisfaction of an outstanding judgment against the FARC.

94.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on certain tangible and intangible assets owned by López Bello, including a Black 2014 Rolls-Royce Wraith Coupe; a Silver 2015 Bentley Continental Coupe; a Red 2012 Ferrari 458 Convertible; and a Black 2016 Cadillac Escalade.

95.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on Nautical Corp. and certain of its assets, including a vessel, in satisfaction of an outstanding judgment against the FARC. López Bello is the ultimate owner of Nautical Corp. The United States Marshall levied the writ of execution upon certain of these assets on February 26, 2019.

96.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution and garnishment on UBS Financial Services, Inc., 100 S.E. 2d Street, Suite 2500, Miami, FL 33131, regarding accounts or properties held for or on behalf of López Bello. The United States Marshall levied the writ of execution upon UBS Financial Services, Inc. on February 25, 2019.

97.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution and garnishment on Morgan Stanley Smith Barney LLC with respect to accounts or properties held for or on behalf of López Bello. The United States Marshall levied the writ of execution upon Morgan Stanley Smith Barney LLC on February 25, 2019.

98.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution and garnishment on Safra National Bank of New York and Safra Securities LLC, 3050 Aventura Blvd., Aventura, FL 33180 with respect to accounts or properties held for or on behalf of López Bello. The United States Marshall levied the writ of execution upon Safra National Bank of New York and Safra Securities LLC on February 25, 2019.

99.     On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution and garnishment on Branch Banking & Trust Co. with respect to accounts or properties held for or on behalf of López Bello. The United States Marshall levied the writ of execution upon Branch Banking & Trust Co. on February 25, 2019.

100.    On February 20, 2019, the United States District Court for the Southern District of Florida issued a writ of execution on 200G PSA Holdings LLC, including certain of its properties such as a Gulfstream 200 jet aircraft, in satisfaction of an outstanding judgment against the FARC.

101.    On March 1, 2019, the United States District Court for the Southern District of Florida issued a writ of execution with respect to all goods and chattels, lands and tenements, in the Southern District of Florida belonging to López Bello, including M/Y HAWK, a vessel.

102.    On September 4, 2019, the United States Marshal conducted a "TRIA Execution Sale" of MV Waku—a vessel owned by López Bello and blocked pursuant to the Kingpin Act—in satisfaction of a judgment held against the FARC. López Bello's vessel was sold to FRS Affair Limited for $3,050,000.

103.    On September 4, 2019, the United States Marshal conducted a "TRIA Execution Sale" of MV Hawk—a vessel owned by López Bello and blocked pursuant to the Kingpin Act—in satisfaction of a judgment held against the FARC. López Bello's vessel was sold to Grey Yard LLC for $600,000.

104.   On October 23, 2019, the United States Marshal conducted a "TRIA Execution Sale" of MV Waku—another vessel owned by López Bello and blocked pursuant to the Kingpin Act—in satisfaction of a judgment held against the FARC. López Bello's vessel was sold to MOCA, LLC for $20,575,000.

105.   On March 16, 2020, the United States District Court for the Southern District of Florida issued a writ of execution with respect to all goods and chattels, lands and tenements, in the Southern District of Florida belonging to López Bello and/or MFAA Holdings Ltd., as ultimate owners of Leucadendra 325 LLC and 325 Leucadendra Drive, Coral Gables, FL. The United States Marshal levied the writ of execution on Leucadendra 325 LLC on March 17, 2020.

106.   On April 29, 2020, the United States District Court for the District of Florida granted a motion for the turnover of assets held by López Bello at UBS Financial Services, Inc. López Bello's existing balance on an account at UBS Financial Services, Inc. was garnished in the amount of $28,970,462.

107.   On April 29, 2020, the United States District Court for the District of Florida granted a motion for the turnover of assets held by López Bello at Raymond James & Associates. López Bello's existing balance on an account at Raymond James & Associates was garnished in the amount of $2,361,839.10.

108.   On April 29, 2020, the United States District Court for the District of Florida granted a motion for the turnover of assets held by López Bello and/or Profit Corp. CA and/or SMT Technologia CA at Branch Banking & Trust Co. The existing balance of these accounts at Branch Banking & Trust Co. was garnished in the amount of $1,332,859.11.

109.   On April 29, 2020, the United States District Court for the District of Florida granted a motion for the turnover of assets held in the name of López Bello and/or Yakima Trading

Corp. at Morgan Stanley Smith Barney LLC. The existing balance of these accounts at Morgan Stanley Smith Barney LLC was garnished in the amount of $11,498,994.68.

110.    On April 29, 2020, the United States District Court for the District of Florida granted a motion for the turnover of assets held in the name of López Bello and/or PYP International LLC at Safra National Bank of New York. The existing balance of these accounts at Safra National Bank of New York was garnished in the amount of $9,044,160.79.

111.    On July 7, 2020, the United States Marshal conducted a "TRIA Execution Sale" of the 325 Leucadendra Drive property—a property partially owned by López Bello and blocked pursuant to the Kingpin Act—in satisfaction of a judgment held against the FARC. The property was sold for $12,500,000.

112.    Certain of López Bello's U.S. companies have also had certificates of formation revoked by state authorities, as their inability to retain a registered agent—which, as a matter of U.S. law, would be prohibited them as blocked parties under the Kingpin Act—has led to deficiencies in their corporate registration. For instance, on September 19, 2019, the Attorney General of the State of Delaware initiated proceedings to cancel the certificate of formation of Agusta Grand I LLC—a company in which López Bello retains an interest. The grounds identified by the Attorney General for doing so include López Bello's designation under the Kingpin Act and his failure to appoint a registered agent for the company—both of which are the direct results of Defendants' unlawful actions.

ii.    Sanctioning of López Bello's Foreign Entities

113.    López Bello's foreign companies have also been designated by OFAC. The consequence of that action has been their financial evisceration, as counterparties and financial institutions refuse to deal with them out of fear of being subject to U.S. sanctions. López Bello's

25

U.S.-sanctioned foreign entities include: Profit Corporation, C.A.; Yakima Trading Corporation; Grupo Sahect, C.A.; Alfa One, C.A.; SMT Tecnologia, C.A.; Servicios Technologicos Industriales, C.A.; and Yakima Oil Trading, LLP.

114.    These companies have been unable to collect on invoices amounting in excess of $100,000,000, which represents the value of services and products already provided to customers. Defendants' unlawful actions have also rendered López Bello's foreign companies unable to perform their existing or prospective contractual obligations, which has resulted in the complete loss of revenue for the companies and rendered them incapable of maintaining operations.

115.    Because of the loss of revenue, Profit Corporation, C.A. has had to cut its workforce from over 500 employees to a current total of 10 active employees. This diminished workforce is unable to maintain operations, and Profit Corporation, C.A.'s former employees have elected to join competitor entities that are not subject to U.S. sanctions.

iii.    Personal Harm

116.    The blocking and seizure of his U.S.-based properties and assets and the sanctioning of his foreign companies has resulted in immense economic losses to López Bello.

117.    López Bello's U.S.-based properties and assets are in the process of being executed on to satisfy outstanding judgments against FARC. This includes tens of millions of dollars of assets that have been seized and are in the process of being executed on without compensation.

118.    López Bello's foreign companies have undergone a financial evisceration without precedent, as industry-leading companies such as Profit Corporation, C.A. are unable to perform their contractual obligations, collect on invoices, or receive any new revenues.

119.    López Bello is also unable to personally operate in financial markets, as parties refuse any dealings with him out of fear of U.S. sanctions. This has left López Bello unable to

reallocate personal investments, prevented him from receiving capital gains and interests on investments, and forced him to suffer losses on investments, including more than 80% of the value of certain investments.

120.    López Bello held two U.S. visas—one a "temporary worker" visa and the other a "business visitor" visa—at the time of his designation. López Bello used these visas to travel to and from the United States in support of those activities for which the visa provided authorization, including to support certain of his business operations in the United States. These visas were revoked upon, and because of, López Bello's designation under the Kingpin Act, and he has been unable to travel to the United States since the time of designation.

121.    López Bello maintained a substantial presence in the United States, having made the United States a "second home." Both of López Bello's children are U.S. citizens; his daughter studied in the United States; and his wife was resident under a "temporary worker" visa. López Bello also held memberships in social clubs in the United States, and his company Postar created a significant number of jobs in the Doral area of South Florida in connection with its logistics and shipping activities. López Bello's designation has unlawfully deprived him of the opportunity to continue his business and family life in the United States.

                    iv.    Reputational and Other Harms

122.    The reputational damage to López Bello and his companies has also been immense. By means of its designation action, OFAC falsely alleged that López Bello is engaged in international narcotics trafficking activities, wrongly associating him with some of the most brutal terrorist and drug trafficking organizations in the world.

123.    In litigation in the United States, plaintiffs holding outstanding judgments against the FARC have used OFAC's allegations to claim that López Bello is an "agency or

instrumentality" of the FARC—a U.S.-designated terrorist organization. There is no factual basis for this claim or the underlying allegations, but López Bello has nonetheless been associated with the FARC's terrorist and narcotics trafficking activities as a result of OFAC's allegations.

124.    The Financial Crimes Enforcement Network ("FinCEN") issued an advisory on September 20, 2017, in which they referred to López Bello as a "money launderer"—the basis for this claim originating with OFAC's false allegations in support of its designation action. Advisory, Financial Crimes Enforcement Network, Reports from Financial Institutions are Critical to Stopping, Deterring, and Preventing the Proceeds Tied to Suspected Venezuelan Public Corruption from Moving Through the U.S. Financial System (Sept. 20, 2017). Notably, however, FinCEN's advisory speaks to money laundering of proceeds suspected to be tied to public corruption in Venezuela—not to narcotics trafficking activities. Money laundering tied to public corruption in Venezuela is not a category of conduct rendered sanctionable by the Kingpin Act.

125.    As a result of Defendants' unlawful action, and despite the fact that no narcotics-related charges have ever been filed against López Bello, the United States Immigration and Customs Enforcement ("ICE") identified López Bello on its Most Wanted List. *See* ICE Most Wanted List, https://www.ice.gov/most-wanted/samarkJoseLopezBello#wcm-survey-target-id (last accessed on July 19, 2020). According to ICE, "[t]he action followed an ICE HSI New York investigation that led to their special designation as narcotics traffickers as well as sanctions imposed by the U.S. Treasury Department in 2017 and criminal charges filed by the U.S. Attorney's Office for the Southern District of New York . . ." News Release, U.S. Immigration and Customs Enforcement, Former Vice President of Venezuela Tareck El Aissami and Venezuelan Businessman Samark López Bello Added to ICE's Most Wanted List for International Narcotics Trafficking, Money Laundering (Aug. 14, 2019). López Bello's identification on ICE's

Most Wanted List—for conduct (narcotics) with which he has never been charged—has also caused reputational harm, as López Bello is now viewed as an international fugitive based on the false allegations and unlawful actions of Defendants.

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' DESIGNATION OF LÓPEZ BELLO UNDER THE KINGPIN ACT CONSTITUTES ARBTIRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

126.     López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

127.     Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

128.     Defendants' designation of López Bello under the Kingpin Act and its findings and conclusions in support thereof are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Specifically, Defendants failed to identify conduct which demonstrates López Bello's support or services to the international narcotics trafficking activities of El Aissami to support a designation under 21 U.S.C. § 1904(b)(2). In addition, Defendants have failed to identify conduct which demonstrates that López Bello acts for or on behalf of El Aissami, as identified as specially designated narcotics trafficker, to support a designation under 21 U.S.C. § 1904(b)(3).

### COUNT II

DEFENDANTS' DESIGNATION OF LÓPEZ BELLO IS IN EXCESS OF STATUTORY JURISDICTION, LIMITATIONS, OR AUTHORITIES IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

129.    López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

130.    Agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(C).

131.    Defendants' designation of López Bello under the Kingpin Act and its findings and conclusions in support thereof are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Specifically, Defendants failed to identify conduct which demonstrates López Bello's support or services to the international narcotics trafficking activities of El Aissami to support a designation under 21 U.S.C. § 1904(b)(2). In addition, Defendants have failed to identify conduct which demonstrates that López Bello provides support or services to, or acts for or on behalf of, El Aissami after El Aissami's identification as a specially designated narcotics trafficker.

## COUNT III

### DEFENDANTS FAILED TO PROVIDE FAIR NOTICE TO LÓPEZ BELLO WHEN DESIGNATING HIM UNDER THE KINGPIN ACT IN VIOLATION OF THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE

132.    López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

133.    Under the Due Process Clause of the Fifth Amendment, Defendants must provide fair notice of conduct that is prohibited or otherwise sanctionable or that is required by law. Given the circumstances of López Bello's designation and the consequences arising from it, failure to provide fair notice merits setting aside the penalty or sanction imposed.

134.    Defendants failed to provide López Bello fair notice in violation of the Fifth Amendment's Due Process Clause, as López Bello was designated for providing support to the international narcotics trafficking activities of, and acting for or on behalf of, El Aissami, who was not a specially designated narcotics trafficker for purposes of the Kingpin Act at the time of conduct by López Bello alleged by OFAC.

## COUNT IV

### DEFENDANTS' DESIGNATION OF LÓPEZ BELLO UNDER THE KINGPIN ACT AND THE IMPOSITION OF SANCTIONS ON HIM AND HIS PROPERTIES VIOLATES HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURES

135.    López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

136.    Under the Fourth Amendment to the U.S. Constitution, López Bello has a right to be free from unreasonable searches and seizures.

137.    Defendants' designation of López Bello under the Kingpin Act; its imposition of blocking sanctions; and its blocking constitutes an unlawful seizure of López Bello's U.S. properties in violation of his Fourth Amendment right to be free from unreasonable seizures.

## COUNT V

### DEFENDANTS' DESIGNATION OF LÓPEZ BELLO UNDER THE KINGPIN ACT IS CONTRARY TO CONSTITUTIONAL RIGHT, POWER, PRIVILEGE, OR IMMUNITY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

138.    López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

139.    Under the APA, courts are required to hold unlawful and set aside agency action, findings, or conclusions found to be contrary to constitutional right, power, privilege, or immunity. 5 U.S.C. § 706(2)(B).

140.     Defendants' failure to provide López Bello notice of its interpretation of the Kingpin Act—i.e., that provision of support or services to, or acting for or on behalf of, a person not yet designated under the Kingpin Act could constitute sanctionable conduct under the Act—when designating him is contrary to López Bello's constitutional rights under the Due Process Clause of the Fifth Amendment.

141.     Defendants' designation of López Bello under the Kingpin Act and the related blocking and effective seizure of his U.S. assets and properties is contrary to López Bello's constitutional right to be free from unreasonable seizures under the Fourth Amendment.

## COUNT VI

### DEFENDANTS' DESIGNATION OF LÓPEZ BELLO UNDER THE KINGPIN ACT AND ITS FAILURE TO ACCORD LÓPEZ BELLO SUFFICIENT NOTICE OF THE DESIGNATION VIOLATES HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS

142.     López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

143.     Under the Fifth Amendment to the U.S. Constitution, López Bello has a right to adequate post-deprivation notice. Sufficient notice requires Defendants to provide López Bello with the reasons for his designation so as to permit him a meaningful opportunity to respond.

144.     Defendants have not provided sufficient notice for their determination that López Bello meets the criteria for designation under the Kingpin Act. Defendants have redacted substantial portions of the evidentiary memorandum relating to this legal determination and have provided insufficiently specific unclassified summaries of the reasons for the determination. Defendants have thus failed to provide López Bello with adequate notice of the reasons for his designation thereby violating López Bello's due process rights under the Fifth Amendment to the U.S. Constitution. Specifically, Defendants have failed to supply López Bello with its reasons or

evidence to support OFAC's determination López Bello provides support or services to the international narcotics trafficking activities of El Aissami or that he acts for or on behalf of El Aissami, since El Aissami's identification as a specially designated narcotics trafficker.

## COUNT VII

### DEFENDANTS' FAILURE TO PROVIDE NOTICE OF THE REASONS FOR LÓPEZ BELLO'S DESIGNATION UNDER THE KINGPIN ACT VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

145.    López Bello re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

146.    Agency action, findings, and conclusions found to be not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

147.    Defendants' designation of López Bello under the Kingpin Act and the determination that he meets the criteria for designation under that statute is not in accordance with law and without observance of procedure required by law because Defendants failed to provide López Bello with adequate notice of the reasons for his designation.

### RELIEF REQUESTED

Wherefore, López Bello respectfully requests that this Court:

A.    Issue an order vacating López Bello's designation under the Kingpin Act;

B.    Issue an order vacating the designations of López Bello's companies;

C.    Order Defendants to rescind López Bello's designation under the Kingpin Act;

D.    Order Defendants to rescind the designations of López Bello's companies;

E.    Declare López Bello's designation under the Kingpin Act to be unlawful;

F.    Declare the designations of López Bello's companies to be unlawful;

G.     Order Defendants to disclose the redacted portions of the evidentiary memorandum underlying López Bello's designation under the Kingpin Act or otherwise provide sufficient alternative means by which López Bello may be provided constitutionally adequate notice of the reasons for his designation under the Kingpin Act;

H.     Order Defendants to provide López Bello with sufficiently specific unclassified summaries of the classified or privileged portions of the evidentiary memorandum relating to the basis for López Bello's designation under the Kingpin Act;

I.     Grant an award to López Bello of his costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

J.     Any other and further relief as the Court may deem proper.


Dated: June 29, 2021                                    Respectfully submitted,

                                                        /s/ Erich C. Ferrari
                                                        Erich C. Ferrari, Esq.
                                                        FERRARI & ASSOCIATES, P.C.
                                                        1455 Pennsylvania Avenue, NW
                                                        Suite 400
                                                        Washington, D.C. 20004
                                                        Telephone: (202) 280-6370
                                                        Fax: (877) 448-4885
                                                        Email: ferrari@falawpc.com
                                                        D.C. Bar No. 978253

                                                        *Counsel for Plaintiff*